UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES EDWARD FRACTION, | Case No. 22-CV-3019 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| MOORHEAD POLICE DEPARTMENT, | |
| Defendant. | |

Charles Edward Fraction, pro se.

This matter is before the Court on plaintiff Charles Fraction's objection to the August 22, 2023, Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. Judge Brisbois recommends dismissing Fraction's complaint without prejudice and denying Fraction's application to proceed in forma pauperis (IFP) as moot. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R in part and returns the case to Judge Brisbois for further proceedings.

Reduced to its fundamentals, the complaint alleges that Fraction's storage unit was broken into and his property was stolen, yet when he attempted to file a police report, the police refused to take his report (or, presumably, investigate the crime) because he was in jail. Compl. at 5, 8, ECF No. 3. The pro se complaint (and subsequent filings) are not a model of clarity, and so the R&R reasonably expresses confusion about

certain allegations. *See* R&R at 7 n.4, ECF No. 20. As best as the Court can tell, though, in his motion to amend the complaint, Fraction attempted to name as "defendants" (plural) Adam Torgerson *and* the "dispatcher on day of." Mot. to Amend, ECF No. 18. In his objection to the R&R, Fraction further clarifies that "dispatcher on the day of" refers to the unknown police officials to whom the jail sergeant spoke and who allegedly refused to let Fraction file a police report while he was in jail. ECF No. 24 at 2. Thus, multiple defendants are named in the complaint as amended.

With regard to Torgerson, the R&R correctly notes that no allegations in the complaint describe how Torgerson violated Fraction's rights. R&R at 7. The sole allegation Fraction makes concerning Torgerson is that he executed a search warrant on Fraction's storage unit shortly before Fraction's valuables were stolen from the unit. ECF No. 3-3 at 1. But Fraction's equal-protection claim appears to arise from the alleged refusal of unidentified police officers to allow Fraction to file a police report about the theft until after he was released from jail. Compl. at 8, ECF No. 3. Nothing in the complaint as amended connects Torgerson to that refusal.

With regard to the "unknown officials," Fraction has seemingly named the proper defendants for his equal-protection claim. Read charitably, the complaint alleges that the police officers who refused to allow Fraction to file a police report regarding the theft violated his right to equal protection because the refusal was based

on Fraction's status as an incarcerated person.  Compl. at 8, ECF No. 3.  The complaint strongly implies, as the R&R points out, that incarcerated individuals as a class—unlike non-incarcerated individuals as a class—were not permitted to report the theft of their property.  R&R at 9.  The complaint further alleges that the purported justification for this disparity was that Fraction would be unable to come to the scene to identify what had been stolen, ECF No. 3-3 at 3, but that purported justification was shown to be false when the police came to take Fraction's statement at the jail three to four months later (even though he was still unable to come to the scene).  Compl. at 8, ECF No. 3.

At this point, the Court will adopt the R&R only insofar as it recommends that the claims against Torgerson be dismissed.  The Court will return the remaining claims (as clarified by this order) to Judge Brisbois for further consideration.

## ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS IN PART the R&R [ECF No. 20].  Accordingly, IT IS HEREBY ORDERED THAT plaintiff's claims against defendant Adam Torgerson are DISMISSED WITHOUT PREJUDICE.

Dated:  October 19, 2023

 s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court