UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Charles Edward Fraction,       Civil No. 22-3019 (PJS/LIB)

    Plaintiff,

vs.      ORDER ADOPTING
REPORT AND RECOMMENDATION

Unknown officials,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Based upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois, and after an independent review of the files, records and proceedings in the above-entitled matter, **IT IS ORDERED**:

1. The present action is **DISMISSED without prejudice**[1] for Plaintiff's failure to comply with the Court's November 15, 2023, Order, [Docket No. 27].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: 2/15/2024      s/Patrick J. Schiltz
At Minneapolis, Minnesota      Patrick J. Schiltz, Chief Judge
     United States District Court

---

[1] Unless the Court specifically orders otherwise, a dismissal pursuant to Rule 41(b) is considered to be a dismissal with prejudice. Fed. R. Civ. P. 41(b). The Eighth Circuit Court of Appeals, however, has cautioned against dismissing a claim with prejudice pursuant to Rule 41(b) unless there has been "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Given v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Instead, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). This is not to say that the Court must find that the litigant "acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (quoting Rodgers v. Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998)). However, neither prior warning nor admonition to a litigant is required before a Court may dismiss said litigant's action sua sponte. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). In the present case, the Court cannot definitively conclude that Plaintiff's conduct was willful disobedience. Thus, the Court recommends the less severe sanction of dismissal without prejudice.